DA 11-0173

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 234N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

DAVID L. LERVOLD,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 1320A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       David L. Lervold, self-represented, Billings, Montana

       For Appellee:

       Steve Bullock, Montana Attorney General; Mark Mattioli, Assistant Attorney
General, Helena, Montana

       Marty Lambert, County Attorney; Erin R. Murphy, Deputy County Attorney,
Bozeman, Montana

Submitted on Briefs:   September 7, 2011
Decided:   September 20, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      David L. Lervold (Lervold) appeals the denial of his petition for postconviction relief ("Petition") by the Eighteenth Judicial District Court, Gallatin County. We affirm.

¶3      Lervold was convicted of three counts of DUI in 2002 and 2003. After sentencing, his various suspended sentences were revoked several times. The present appeal stems from his most recent revocation in two cases, DC-02-081 and DC-03-109. He was sentenced on April 14, 2009, to five year prison terms in each case, to run concurrently. Lervold did not appeal.

¶4      On November 28, 2010, Lervold filed an affidavit of inability to pay ("Affidavit"), in anticipation of filing a petition for postconviction relief. The District Court denied Lervold's request for indigent status. On December 23, 2010, Lervold filed financial information regarding his Affidavit. On December 28, 2010, the District Court ordered Lervold to pay a $20 filing fee, and further stated "once the filing fee has been received, Petitioner Lervold's Petition for Post-conviction relief shall be filed." Lervold paid the filing fee and his Petition was filed on January 18, 2011.

¶5      After the State responded, the District Court denied Lervold's Petition as untimely under § 46-21-102(1), MCA, and it found that the exception in § 46-21-102(2), MCA, did not apply.

¶6      We review the denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Davis v. State*, 2004 MT 112, ¶ 13, 321 Mont. 118, 88 P.3d 1285.

¶7      Section 46-21-102, MCA, provides:

(1) Except as provided in subsection (2), a petition for the relief referred to in 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:
        (a)  the time for appeal to the Montana supreme court expires;
        (b)  if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires; or
        (c)  if review is sought in the United States supreme court, on the date that that court issues its final order in the case.
(2)  A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. It is undisputed that Lervold was sentenced on April 14, 2009, and that he did not appeal. Therefore, his conviction became final on June 14, 2009. Section 46-21-

3

102(1)(a), MCA. He had one year from that date, until June 14, 2010, to file a petition for postconviction relief. Section 46-21-102(1), MCA. He did not file within the one year period by any calculation. Further, § 46-21-102(2), MCA, does not apply.

¶9 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ JIM RICE